## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **JEFFREY JACOBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:09-cv-2599** |
| | ) | |
| **MEMPHIS CONVENTION AND** | ) | |
| **VISITORS BUREAU, et al**, | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT AGAINST STATE OF TENNESSEE DEPARTMENT OF TOURIST DEVELOPMENT

---

The Attorney General, on behalf of the State Defendant, the Tennessee Department of Tourist Development ("DTD" or "the Department"), submits this memorandum of law in support of the motion to dismiss Plaintiffs' complaint for failure to state any claims for relief.

Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(1) and (6).  Plaintiffs' claims for monetary relief against the Department are barred because the State is entitled to immunity from suit.  For these reasons, Plaintiffs' complaint must be dismissed.

## I.    FACTUAL ALLEGATIONS

On September 14, 2009, Jeffrey Jacobs, filed this copyright infringement under 17 U.S.C. §§ 101, et seq., and pendant state law claims against the State of Tennessee Department of Tourist Development.  (Compl., ¶ 16, 18-19.)  The Attorney General's Office accepted service on behalf of the state agency on December 17, 2009.  The facts set out in the following

1

paragraphs are those alleged in the complaint against only the Department, which are assumed for the sole purpose of the motion to dismiss but are not admitted otherwise.

Plaintiff asserts copyright ownership and registration certificates for five photographs. (Compl., ¶ 68.)  Of these five photographs, he alleges that the Department "without a license, reproduced, distributed, and publicly displayed [one photograph] the Brooks museum photograph on www.tnvacation.com."  (Compl., ¶ 42.)  This violated 17 U.S.C. §§ 501 and constituted copyright infringement, contributory copyright infringement, and vicarious copyright infringement.  Plaintiff seeks monetary damages as well as injunctive relief.

## II.   ARGUMENT

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's factual allegations as true.  *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).  The complaint, however, must set forth "more than the bare assertion of legal conclusions."  *In re DeLorean Motor Co*., 991 F.2d 1236, 1240 (6th Cir. 1993).  Thus, the court cannot accept as true legal conclusions or unwarranted factual inferences.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Dismissal is proper if the court determines that the plaintiff can prove no set of facts in support of the claims that would entitle him to the requested relief.  *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

Nevertheless, "the complaint must articulate more than a bare assertion of legal conclusions."  *Id.*  "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F. 2d 434, 436 (6th Cir. 1988) (citations omitted).  Put another way, a court may dismiss a complaint "for either of two reasons: (1) lack

of a cognizable legal theory, or (2) the pleadings of insufficient facts under a cognizable legal theory." *Adam v. Silicon Valley Bancshares, Inc.*, 884 F. Supp. 1398, 1400 (N.D. Cal. 1995). *See also Stewart Glass and Mirror, Inc. v. U.S.A. Glas, Inc.,* 940 F. Supp. 1026, 1030 (E.D. Tex. 1990).

> **The Complaint Should Be Dismissed, As The Department Is Immune From Suit Pursuant To The Eleventh Amendment.**

It is well established that under the Eleventh Amendment neither a state nor its agencies may be sued in federal court unless the state has waived its sovereign immunity or Congress has overridden it. *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). The complaint in this case seeks to bring suit against a state agency, The Tennessee Department of Tourist Development.[1] The State and its agencies' immunity has neither been waived nor abrogated by Congress.

*Chavez v. Arte Publico Press*, 204 F.3d 601 (5th Cir. 2000), though not binding upon this Court, is instructive in this case. The plaintiff in *Chavez* brought a suit for copyright infringement against, among others, a Texas public university. *Id.* at 603. The university filed a motion to dismiss asserting its Eleventh Amendment immunity from suit. *Id.* Plaintiff cited 17 U.S.C. § 511 for the proposition that Congress had abrogated the State's sovereign immunity in copyright infringement actions. 17 USC § 511 states in relevant part:

> Any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be immune, under the Eleventh Amendment of the Constitution of the United States or under any other doctrine of sovereign immunity, from suit in Federal court by any person, including any governmental or nongovernmental entity, for a violation of any of the exclusive rights of a copyright owner provided by sections 106 through 122, for importing copies of phonorecords in violation of section

---

[1] The agency was created pursuant to state law as an "administrative department of state government." Tenn. Code Ann. § 4-3-101(20); *see also* Tenn. Code Ann. § 4-3-2201.

602, or for any other violation under this title.

17 USC § 511(a).

On appeal, the Fifth Circuit dismissed the action against the university, following the Supreme Court's logic in *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627 (1999), in which the Supreme Court invalidated 35 U.S.C. § 271(h), the statute that purported to abrogate state sovereign immunity in patent infringement cases. *Chavez* at 605-608. The Fifth Circuit in *Chavez* determined that Congress similarly lacked authority to abrogate state's sovereign immunity when enacting 17 USC § 511. *Id.* at 608. Accordingly, it held that Plaintiff's copyright infringement claim against the Texas state entity could not be maintained. *Id. Accord, Rodriguez v. Tex. Comm'n on the Arts,* 199 F.3d 279 (5th Cir. 2000); *Salerno v. City Univ. of N.Y.,* 191 F. Supp. 2d 352, 355 (S.D.N.Y. 2001); *Rainey v. Wayne State Univ.,* 26 F. Supp. 2d 973, 976 (E.D. Mich. 1998); *Marketing Information Masters, Inc. v. Board of Trustees of California State University System*, 552 F.Supp. 2d 1088, 1089 (S.D.Cal. 2008); *InfoMath, Inc. v. University of Arkansas*, 633 F.Supp. 2d 674, 675 (E.D.Ark. 2007).

Here, Plaintiff has sued a state entity alleging various copyright infringement claims. The complaint is devoid of any evidence that the Department has waived its Eleventh Amendment sovereign immunity. Moreover, insofar as Plaintiff would assert that 17 U.S.C. § 511 abrogates the Department's sovereign immunity, the statute has been held invalid to maintain a copyright action against a state in numerous cases.[2] Accordingly, the complaint, as it seeks relief against the State of Tennessee, Department of Tourist Development, should be

---

[2] The District Court in *Salerno v. City Univ. of N.Y.,* 191 F. Supp. 2d at 357, did permit a copyright infringement action against individual state employees for prospective injunctive relief. However, this case in inapposite as here, only a state agency was sued, not state employees either individually or officially.

dismissed for a lack of subject matter jurisdiction and failure to state such a claim upon which

relief can be granted.

**III.      CONCLUSION**

     For the reasons set forth above, Plaintiffs' complaint should be dismissed with prejudice.


                    Respectfully submitted,
                    ROBERT E. COOPER, JR.
                    Attorney General and Reporter

                    s/ Amy T. McConnell
                    Assistant Attorney General
                    Office of the Attorney General
                    GENERAL CIVIL DIVISION
                    P.O. Box 20207
                    Nashville, TN 37202
                    (615) 741-6426

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2010, a copy of the foregoing was filed electronically, and a true and correct copy of the foregoing will be sent by operation of the Court's electronic filing system to the following:

Michele Howard-Flynn
The Howard-Flynn Law Group
119 S. Main St., Suite 500
Memphis, TN 38103

Mildred L. Sabbatini
SPICER RUDSTROM, PLLC - Memphis
175 Toyota Plaza
Suite 800
Memphis, TN 38103

Eric E. Hudson
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Kenneth R. Besser
BESSER LAW FIRM
100 North Main Street, Suite 2909
Memphis, TN 38103

Adam Calhoun Simpson
MARTIN TATE MORROW AND MARSTON
6410 Poplar Avenue
Memphis, TN 38119-4839

James R. Newsom , III
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Suite 2700
Memphis, TN 38103

s/ Amy T. McConnell
AMY T. McCONNELL
Assistant Attorney General