IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JEFFREY JACOBS,

      Plaintiff,

v.                                                               Case 2:09-cv-02599-STA-cgc

MEMPHIS CONVENTION AND
VISITORS BUREAU,

      Defendant.

---

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS

---

Before the Court is Plaintiff Jeffrey Jacobs' Motion for Attorneys' Fees, Expenses, and Costs filed pursuant to 17 U.S.C. § 505, Rule 54(d) of the Federal Rules of Civil Procedure, and Rule 54.1 of the Local Rules. (Docket Entry "D.E." #109). The instant motion was referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #117). For the reasons set forth herein, the Court RECOMMENDS that Plaintiff's Motion be GRANTED. The Court RECOMMENDS that Plaintiff be awarded $167,022.50 in attorneys' fees and $4,676.25 in costs and expenses for a total award of $171,698.75.

## I. Introduction

Plaintiff, a photographer, filed the instant copyright infringement action in this Court on September 14, 2009 against Defendant Memphis Convention and Visitors Bureau ("MCVB"), as well as fifteen other defendants, to recover damages for unauthorized reproduction, distribution, and/or display of his photographs through multiple internet websites and print media and to enjoin

1

future infringement. Specifically, Plaintiff alleged direct copyright infringement (Count I), contributory copyright infringement (Count II), vicarious copyright infringement (Count III), and breach of contract (Count IV). In addition to Plaintiff's request for damages, injunctive relief, attorneys' fees, and costs and expenses, Plaintiff additionally requested an award of Defendant's indirect profits from the infringement; however, on August 15, 2011, the District Court granted summary judgment in favor of Defendants as to this request.

The case was tried before a jury from August 22 to 24, 2011. After due deliberation, the jury determined that MCVB infringed Plaintiff's copyright with respect to photos of the Brooks Museum, the Botanic Gardens, the Orpheum, and the Fire Museum. The jury awarded to Plaintiff $17,500.00 for infringement of the Brooks Museum photo and $7,000.00 for infringement of the Botanic Gardens photo. Further, the jury found that MCVB's infringement was willful with respect to the Orpheum and Fire Museum photos and awarded $15,000.00 for each of these two willful infringements. In sum, the jury awarded $54,500.00 to Plaintiff. The jury found that MCVB did not commit any infringement with respect to five photos of the Cook Convention Center or Cannon Center.

On November 15, 2011, Plaintiff filed the instant motion requesting $199,657.50 in attorneys' fees and $4,676.25 in costs and expenses pursuant to 17 U.S.C. § 505. MCVB responded that the request for attorneys' fees was wholly unreasonable and should shock the conscience of the court; however, MCVB did not dispute the request for cost and expenses.

## II. Applicable Law

The Copyright Act of 1976 provides in relevant part that, in an action for copyright infringement, "the court it its discretion may allow the recovery of full costs" and "may also award

2

a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. However, the Act further prohibits an award of attorneys' fees under Section 505 for "any infringement of copyright in an unpublished work commenced before the effective date of its registration." 17 U.S.C. § 412.

To be deemed a "prevailing party" eligible for an award of attorneys' fees pursuant to Section 505, "there is no requirement that a party must prevail 'in full' to obtain attorneys fees." *Thoroughbred Software Intern., Inc. v. Dice Corp.*, 488 F.3d 352, 362 (2007). "In copyright infringement cases, '[g]enerally the prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit." *Id.* (quoting *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989)). While a plaintiff may be considered a prevailing party "even if the damages awarded are nominal or nothing," the plaintiff must achieve some of the benefits sought by bringing suit and must not have obtained a "'purely technical or de minimis'" success. *Id.*

While there is no "precise rule or formula" for determining if a discretionary award is appropriate and, if so, the amount of the award, the court should rely in copyright infringement actions on the considerations the Supreme Court identified in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). The *Hensley* court set forth the following analysis for determining a reasonable fee:

> The trial court's initial point of departure, when calculating reasonable attorney fees, is the determination of the fee applicant's "lodestar," which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate. The reasonableness of the hours . . . and rate . . . is determined by considering twelve factors: (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations

3

>imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in "similar cases."

*Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (citations omitted). However, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n.9. "The most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Isabel*, 404 F.3d at 416 (citations and internal quotations omitted). "Hours that are excessive, redundant, or otherwise unnecessary are not reasonably expended and must be excluded from the lodestar." *Hensley*, 461 U.S. at 434. The burden rests upon the fee applicant to establish the entitlement to an award and to document the hours expended and hourly rates. *Hensley*, 461 U.S. at 436.

In the context of copyright infringement actions, the Supreme Court has stated that the court may also consider certain other nonexclusive factors to guide courts' discretion of whether a fee award is appropriate, such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535 n.19 (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (1986)). However, the Supreme Court instructed that these factors may be used only "so long as such factors are faithful to the purposes of the Copyright Act . . . ." *Fogerty*, 510 U.S. at 535 n.19. The *Fogerty* court further reiterated the goals of the Copyright Act, stating that the primary objective is to enrich the general public through access to creative works, a goal which must be balanced by a limited reward to the authors and inventors of the creative work for their contribution. *Id.* at 525-27. While the "immediate effect of our copyright law is to secure a fair return for an 'author's' creative labor," the "ultimate aim is, by this incentive,

4

to stimulate artistic creativity for the general public good." *Id.* at 526-27. Thus, the *Fogerty* court cautions that both plaintiffs and defendants in copyright actions should be "encouraged to litigate meritorious claims," as either a successful prosecution or defense of a copyright case may further the dual policies of the Copyright Act. *Id.* at 527.

### III. Proposed Conclusions of Law

#### A. *Prevailing Party*

Upon review, the Court must begin its analysis by determining whether Plaintiff should be deemed a prevailing party eligible for an award of attorneys' fees. The jury found that MCVB infringed Plaintiff's copyrights with respect to four photos. The jury awarded $54,500.00 in damages for these infringements. The jury further concluded that two of the infringements were willful, namely the use of the Orpheum and Fire Museum photos. MCVB argues that only the Orpheum and Fire Museum photos qualify under Section 412's limitations on Section 505 attorneys' fees awards because the parties agreed that only these two infringements began after the registrations were effective, thus minimizing Plaintiff's success. Even so Plaintiff was awarded $30,000.00 in damages as to those two photos. The Court finds that this is a significant amount of relief and that Plaintiff achieved a substantial benefit through the case. Thus, the Court finds that, while Plaintiff did not succeed on all claims, Plaintiff's success was neither purely technical nor de minimis. Accordingly, the Court recommends that Plaintiff be deemed a prevailing party under Section 505.

#### B. *Lodestar Calculation*

Next, the Court will proceed to address the lodestar calculation of reasonable attorneys' fees in accordance with the factors set forth in *Hensley*. At the outset, the Court notes that the parties do not dispute that the rates of Plaintiff's attorneys are reasonable; the parties merely dispute whether

the number of hours claimed by Plaintiff's counsel is reasonable. With respect to the number of hours, MCVB cites three concerns: (1) duplicative time entries for two attorneys at depositions, mediation, and trial; (2) hours spent on unsuccessful claims; and, (3) hours spent litigating against other defendants. Plaintiff continues to assert that these fees are reasonable; however, in the alternative, Plaintiff's Reply proposes reduced fees to address certain of these concerns.

With respect to the duplicative time entries, this Court has stated that while "it is 'often difficult to assess the need' for multiple attorneys, . . . excessive hours should not be awarded." *Branson v. Harrah's Tunica Corp.*, No. 2:08-cv-02804-BBD-cgc, 2011 WL 3678428, at *3 (W.D.Tenn. Aug. 19, 2011) (quoting *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (finding that "[w]here duplication of effort is a serious problem, . . . the District Court may have to make across the board reductions by reducing certain items by a percentage figure.")). MCVB argues that both of Plaintiff's trial counsel—Michele Howard-Flynn ("Howard-Flynn") and Robert Flynn ("Flynn")—are senior attorneys that were capable of compentently handling these stages of the case on their own. MCVB states that Howard-Flynn has twelve years of legal experience and serves as the Chair of the Copyright Section of the Tennessee Bar Association and that Flynn has practiced law for thirty-six years, including trying cases in the field of intellectual property. Thus, MCVB argues that Plaintiff should not be permitted to recover duplicative billing for both attorneys attending depositions for forty-four hours, for attending their client's deposition for five hours, for preparing for and attending the mediation for ten-and-a-half hours, and for preparing for and attending the trial for one-hundred twenty-four hours. MCVB claims that it had only one attorney at all of these stages, and that, given Plaintiff's counsels' experience, it was unnecessary for two attorneys to be completing these tasks.

6

Plaintiff responds that both attorneys were necessary at the major stages of the case because one attorney handled most of the communications, investigation and settlement negotiations, and the other attorney handled most of the research. Plaintiff states that both attorneys were also necessary at these key stages because it allowed them to both be prepared to competently handle their respective roles at trial. Plaintiff asserts that both attorneys were necessary at various depositions to allow them to utilize the responses to craft questioning in other depositions performed on the same day. Plaintiff states that they utilized only one attorney when possible, such as at the scheduling conference or preparing the client for deposition. Additionally, Plaintiff states that they did not request a fee award for any inter-office conferences, memoranda, or conference calls. Ultimately, Plaintiff argues that Defendants have not specified any particular billing entry as unreasonable.

Upon review, the Court concludes that Plaintiff has provided a sound explanation as to why it was reasonable for both attorneys to be present at depositions. The Court further concludes that it is reasonable for both of Plaintiff's attorneys to be present at the trial of the case and to handle those obligations as they believed best advanced their client's case. However, the Court does not find that Plaintiff has offered a sufficient explanation as to why both attorneys needed to be present at the preparation for and mediation of the case. Thus, the Court finds that only one attorney's fee for the mediation should be included in the lodestar calculation. As both of Plaintiffs' lead counsel charge a rate of $300.00 per hour, and as the mediation and its preparation lasted ten-and-a-half hours, the Court finds that the lodestar should be reduced by $3,150.00.

With respect to Plaintiff's degree of success, the *Hensley* court has required as follows:

> Where a plaintiff failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spend on the unsuccessful claim should be excluded in

7

> considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.

461 U.S. at 440. The Sixth Circuit has held that, where a claimant has achieved only partial success, the court should address two issues: (1) whether the claims on which the plaintiff failed to prevail were or were not related to the claims on which he or she succeeded, and (2) whether the plaintiff achieved a sufficient degree of success to render the hours reasonably expended a satisfactory basis for awarding attorneys fees." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (citing *Hensley*, 461 U.S. at 434). However, the Sixth Circuit has also cautioned that a "court should not reduce attorney fees based upon a simple ration of successful claims to claims raised." *DiLaura v. Township of Ann Arbor*, 471 F.3d 666, 672 (6th Cir. 2006).

MCVB asserts that the jury returned a defense verdict on five of the nine copyright infringement counts. MCVB argues that, while Plaintiff requested $175,000.00 in damages, the jury awarded only $54,500.00 in damages out and that only $30,000.00 in damages pertained to the infringements eligible for attorneys' fees under Section 412. MCVB argues that the request for approximately $204,000.00 in attorneys' fees should "shock the conscience of the Court" and that Plaintiff did not achieve sufficient success for such an award. MCVB argues that Plaintiff should not be able to request attorneys' fees for work done on unsuccessful claims. MCVB claims that all of the copyrighted works were separate and distinct and that, given Section 412's provision that attorneys' fees are only permitted under certain types of infringement, Plaintiff should have been required to separate out his attorneys' fees as to these claims.

Plaintiff responds by reiterating that MCVB has neither challenged individual items of the billing records as having taken too long to accomplish or as being inflated nor attacked any

8

individual entry as unnecessary. Plaintiff states that, with respect to MCVB's argument regarding its degree of success, it is asking the court to merely conduct a mechanical analysis of the ratio of successful claims to claims raised, as prohibited by the Sixth Circuit. With respect to the hours Plaintiff's counsel dedicated to ultimately unsuccessful claims, Plaintiff argues that it would have been impossible to "carve out blocks of time on a photo-by photo basis." Plaintiff asserts that the allegations against MCVB were all based upon a common core of acts involving the same assertions of copyright infringement. Plaintiff argues that this is true even as to the photos that qualify under Section 412, because the "discovery conducted, the preparation and briefing undertaken by counsel and the presentation of proof at trial were all necessary tasks and would have been done the same without regard as to when the individual photos were registered." Plaintiff's counsel explains that, even though the task of distinguishing the hours between the successful and unsuccessful claims was very difficult, Plaintiff "undertook the tedious process of culling through its firm's time entries" before the filing of the instant motion to remove all entries that related solely to the photos where damages were not awarded.

In Plaintiff's Reply, Plaintiff maintains that it should still be awarded the fees originally requested, but states that counsel has again attempted to remove any fees that solely pertain to the infringements of the Brooks Museum and Botanic Gardens photos while being "overly liberal" to MCVB. Plaintiff states that this review determined that $29,485.00 related to the prosecution of the two photographs that were not timely registered and were not eligible for attorneys' fees pursuant to Section 412.

Upon review, the Court is persuaded by Plaintiff's argument that the multiple copyright-infringement claims were not sufficiently distinct to render Plaintiff's request for attorneys' fees

9

unreasonable. As Plaintiff explains, much of the preparation would have been the same regardless of precisely which photos were at issue. Additionally, the Court finds that Plaintiff has made significant attempts to reduce the proposed fee inasmuch as possible by eliminating billing that pertained solely to the photos on which no damages were awarded. The Court likewise finds that Plaintiff's recent attempts to reduce the fee even further as to the Brooks Museum and Botanic Gardens are appropriate as well. Accordingly, the Court will include all of Plaintiff's proposed fee in the lodestar with the exception of the $29,485.00 that Plaintiff, in his Reply, has stated pertains only to the photos to which Section 412 does not permit an award of attorneys' fees.

On a related issue, MCVB contends that Plaintiff's proposed fee should further be reduced to exclude any time expended pursuing his claim for indirect profits, which the Court dismissed at summary judgment. Plaintiff responds that, while the Court did dismiss this claim, he was successful at the summary judgment stage in defending MCVB's argument that Plaintiff's damages must be limited to the license fee Plaintiff had charged MCVB in prior years for the usage of his photographs.

Plaintiff's counsel states in his Reply that, in response to these concerns, Plaintiff has again reviewed its billing entries to attempt to exclude any fees related solely to the unsuccessful pursuit of indirect profits. Plaintiff states that he incurred $17,810.00 in attorneys' fees related to Defendant's motion for summary judgment. Plaintiff states that the time entries that specifically relate to indirect profits amounts to $1,950.00 and that the time entries that relate to actual damages in general relate to $2,620.00. Plaintiff states that the remaining time entries are not specific enough in the description of the task being performed to parse out. Thus, Plaintiff proposes that he be awarded half of the total fees incurred in responding to the motion for summary judgment, which

amounts to $8,905.00. The Court finds that this proposal is reasonable, especially given that Plaintiff has attempted to err on the side of caution and deduct fees to which he may be reasonably entitled. Accordingly, the Court will deduct $8,905.00 from the lodestar calculation.

With respect to hours spent as to other defendants, MCVB argues that it should not be held liable for any fees for litigating against other parties. Plaintiff asserts that it has made every effort to exclude unrelated fees by removing all fees against any party whose sole infringing action related to the Cook Convention Center or Cannon Center photos. Plaintiff has further proposed a reduction in fees in the amount of $29,485.00 to eliminate any fees that were not related to the Brooks Museum or Botanic Garden photos.

Even with these limitations, the question remains as to whether Plaintiff's proposed fees regarding the Orpheum and Fire Museum contain fees of prosecuting the case against other defendants and, if so, whether such an award is reasonable. The crux of this dispute lies in the language of the verdict form, which asked in pertinent part as follows: "[D]o you find that plaintiff has proved by a preponderance of the evidence that the defendant violated his exclusive right by direct infringement and/or contributory infringement of his copyright?" The jury was instructed to answer "YES" or "NO," and they answered yes as to both photos. MCVB contends that the ambiguity of the verdict form does not allow Plaintiff to recover any proposed fees as to other defendants on the basis of contributory infringement. Plaintiff asserts that the "proof was clear at trial as to the Defendant's contributory infringement as reflected on the jury's verdict." Plaintiff further argues that, but for MCVB wrongfully enabling the other defendants to have access to Plaintiff's copyrighted photos, it would not have been necessary for Plaintiff to have litigated against them.

11

Upon review, the Court finds that the issue of contributory infringement was not central to the lawsuit, as all of the other named defendants had settled or had been dismissed from the suit. However, the Complaint set forth that the source for the other defendants to obtain the photos was MCVB. This does not appear to have been disputed. Thus, the Court agrees with Plaintiff that, but for MCVB's infringement, Plaintiff would not have had to initiate legal action to prevent the wider scope of misuse. The Court finds that Plaintiff has limited its proposed fee significantly to prevent any fees that were not reasonably attributable to MCVB. Accordingly, the Court will not further reduce the lodestar on this basis.

Concluding the calculation of the lodestar, the Court has deducted $3150.00 for duplicate billing at the mediation and $29,485.00 for efforts spent as to the Botanic Garden and Brooks Museum photos from Plaintiff's initial proposed attorneys' fee of $199,657.50. Accordingly, the Court recommends that the lodestar calculation of reasonable attorneys' fees is $167,022.50.

### C. Lodestar Adjustments

Next, under *Hensley*, the Court must consider whether the lodestar calculation should be adjusted upwards or downwards to reflect a reasonable award. The possible factors for adjustment, including Plaintiff's degree of success and fees related to unsuccessful claims or other defendants, have already been considered by the Court in the lodestar calculation. Thus, as the *Hensley* court noted, these factors are already subsumed in the initial calculation. Accordingly, the Court recommends that the lodestar does not need to be adjusted based upon any other *Hensley* factors to constitute a reasonable award of attorneys' fees.

### D. Entitlement to Fee Award

Once the Court has determined the amount of a reasonable attorneys' fee, the Court must further consider whether it is appropriate to award attorneys' fees. This determination is based upon the discretionary language of the Copyright Act, which permits but does not require a court to award attorneys' fees, as well as the stated purposes of the Copyright Act, which balances the need to reward the creator of the work with the desire to enrich the general public through access to creative works. With respect to this issue, the parties argue that this Court should consider the factors set forth by the Supreme Court in *Fogerty*: (1) frivolousness; (2) motivation; (3) objective unreasonableness; and, (4) advancing compensation and deterrence. 510 U.S. at 535 n.19. The parties additionally argue that the Court should consider the disparity of the parties' financial wealth, the willfulness of the infringement, any whether there is a presumptive entitlement to a fee award. The Court will address each of these factors in turn.

### *1. Frivolousness*

With respect to frivolousness, Plaintiff argues that MCVB "basically conceded (without using that word) that it was guilty of infringing these copyrights" but that its only defense was that it did so "innocently." Plaintiff argues that this defense was frivolous, especially as MCVB had "previously purchased licenses for these photographs" from Plaintiff. Plaintiff argues that MCVB "cited no authority either under the copyright act or case law to support its defense of innocence or ignorance" and that the jury's finding that MCVB acted willfully should weigh heavily in favor of Plaintiff. Plaintiff further argues that MCVB did not make reasonable attempts to settle, making a sole offer of $15,000.00, and that MCVB forced Plaintiff to litigate the case for over two years and take it to trial.

MCVB responds that it did not concede that it was guilty of infringing all of Plaintiff's

copyrights. MCVB states that it "admitted to making a mistake with respect to the photographs of The Orpheum and Fire Museum" and that it made an error in relying on "its members' representations that it had the right to publish the photographs." MCVB asserts that it merely argued at trial that such a mistaken belief was innocent. MCVB admits that it viewed its case as one of "probable liability on several of the photographs at issue" but argues that just because the jury found it to be liable does not render its defense frivolous. As to the settlement attempts, MCVB argues that Plaintiff never made a settlement demand below $140,000.00. MCVB asserts that Plaintiff failed to negotiate in good faith, raising his demand to $250,000.00 at mediation on the basis of his claim for indirect profits, which was later dismissed by the court at summary judgment. MCVB states that $15,000.00 was not its "last best" offer, but that it became evident due to Plaintiff's high demands that settlement was not possible. MCVB states that, even after the Court dismissed the indirect profits claim, Plaintiff had no interest in settling. Finally, MCVB asserts that it did not prolong or contribute to any delays to the resolution of the case, that it only took Plaintiff's deposition, and that it was successful on certain claims at summary judgment and at trial.

Upon review, the Court must focus on the Section 505 claims that are eligible for an award of attorneys' fees under Section 412—namely, The Orpheum and Fire Museum infringements. Although MCVB may have realized that these claims were weaker and acknowledged a mistake, MCVB had the right to require Plaintiff to prove these allegations to the jury. The Court finds that both parties acted reasonably in their pursuit of the case. Likewise, while the parties were unable to resolve the matter by settlement, with each side having strong opinions as to the value of the case, the Court finds it difficult to address such an issue in hindsight. Again, the Court finds that the attempts of both parties were reasonable. Also, with respect to the steps taken in the case, such as

14

the motion for summary judgment and the discovery, there is nothing in the record before the Court to find that either party acted unreasonably or attempted to inflate the costs of resolving this matter. Ultimately, the Court does not find that either party acted frivolously in this matter.

### 2. *Objective Unreasonableness*

Plaintiff asserts that the Court should consider whether the defense was objectively unreasonable. Plaintiff states that this factor is "almost indistinguishable" from the factor of frivolousness, except that some courts have not required a showing of bad faith. *See Budget Cinema v. Watertower Assoc.*, 81 F.3d 729, 732 (7th Cir. 1996); *Invessys, Inc. v. The McGraw-Hill Companies, Ltd.*, 369 F.3d 16 (1st Cir. 2004). However, even absent any bad faith, for the reasons the Court has already set forth in addressing frivolousness, the Court finds that neither Plaintiff's claims nor MCVB's defenses are objectively unreasonable.

### 3. *Compensation and Deterrence*

Next, Plaintiff asserts that the Court should consider whether the award of attorneys' fees advances the *Fogerty* goals of compensation and deterrence. Plaintiff argues that MCVB knew that use of the photographs was not permitted but was motivated to obtain "something for nothing." Plaintiff asserts that MCVB utilized his photographs to obtain lucrative convention business for the City of Memphis and increased its net worth during the time it infringed upon Plaintiff's copyrighted photographs. MCVB responds that the idea that it "would risk a lawsuit in the hopes of not having to pay for the photographs . . . previously licensed to MCVB for $500.00, is completely devoid of merit." MCVB states that it obtained the members' permission to utilize photos of their own buildings, which the jury ultimately found was inappropriate and constituted willful infringement.

With respect to this factor, the Court's starting point is the jury's verdict. While Plaintiff and

15

MCVB had the right to pursue their cases as they chose in advance of the verdict, and the Court has viewed broadly whether any actions were frivolous or objectively unreasonable, the jury ultimately determined that MCVB willfully infringed Plaintiff's copyrights as to the Fire Museum and Orpheum photos. Once that verdict has been reached, the jury has determined that Plaintiff's copyright protection, which was bestowed to for creating the photographs with the goal of rewarding the creation, was violated. Thus, this is the purpose of the Copyright Act that the award of the attorneys' fees should advance.

While MCVB may not have wanted to risk a lawsuit to avoid paying for the photographs, the jury ultimately determined that they did take a risk in utilizing Plaintiff's photographs based upon the members' representations. The consequence of such a decision is that litigation may follow if that determination was incorrect. This is precisely what has occurred, and the Court finds that the consequences of this decision should be borne by MCVB, not by Plaintiff who had no choice whatsoever in MCVB's decision to use his copyrighted photographs. Additionally, the Court notes that, just as MCVB was permitted broad discretion in how to pursue its case, MCVB was always on notice that if Plaintiff were successful, he may be awarded attorneys' fees. This should have been one of the considerations that MCVB has considered throughout the litigation, including assessing any settlement possibilities. However, now that the jury has determined that MCVB acted willfully in infringing Plaintiff's copyright protections, the Court finds that the goals of compensation and deterrence would best be fostered by awarding to Plaintiff reasonable attorneys' fees.

### *4. Other Factors*

Finally, the parties raise several factors other than those set forth as possible considerations

in *Fogerty* that they argue the Court should consider in determining whether an attorney fee award is appropriate. The Court has already determined that such an award is appropriate to compensate and deter. However, the Court will briefly address each of these factors.

First , Plaintiff argues that there is a financial disparity between himself, a small business owner, and MCVB, a major business. Plaintiff states that the testimony adduced at trial indicates that MCVB's yearly annual budget is between $6,000,000 to $8,000,000 and that its net worth "steadily increased" during the years it infringed upon Plaintiff's copyright and utilized his photographs to gain business. On the other hand, Plaintiff avers that his average gross taxable income from 2009, when this case was filed, to 2011 was $44,172.33. MCVB responds that this factor should not weigh into the Court's consideration, asserting that other courts have found it not to be appropriate. *See, e.g.*, *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999) (holding that a District Court "should consider not whether the losing party can afford to pay the fees but whether the imposition of fees will further the goals of the Copyright Act."). The Court finds MCVB's reasoning to be persuasive and will not consider this factor to be an additional justification in recommending an award of attorneys' fees.

Next, Plaintiff argues that the Court should consider that the jury found that the copyright infringement was willful. The Court has already addressed this with respect to the need for compensation and deterrence. However, other courts have specifically found that attorneys' fees are even more appropriate in cases of willful infringement. *See, e.g., Dean v. Burrows*, 732 F. Supp. 816, 826-27 (E.D.Tenn. 1989) (citing cases). Thus, the Court reiterates that the jury's finding of willfulness is a key factor in recommending that attorneys' fees be awarded.

Additionally, Plaintiff argues that the Sixth Circuit "routinely" awards attorneys' fees to the

prevailing party in a copyright action, as this "is the rule rather than the exception." *Thoroughbred*, 488 F.3d at 362 (citing *Coles v. Wonder*, 283 F.3d 798, 804 (6th Cir. 2002)). Further, Plaintiff argues that this Court should follow the reasoning of *Gonzales v. Transfer Technologies, Inc.*, 301 F.3d 608, 610 (7th Cir. 2002), in which the court concluded that an award is particularly necessary with respect to smaller cases of copyright infringement. The *Gonzales* court reasoned that, if "minor infringements, though willful" cannot be "committed with impunity, to be in effect privileged, immune from legal address." *Id.* The *Gonzales* court further proposed a refinement of the *Fogerty* standard to provide that "the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees." *Id.*

As neither the Supreme Court nor the Sixth Circuit has adopted such a presumptive entitlement to an award, the Court will not recommend that such a presumptive entitlement exists. The Court also notes that this case does not involve as small of an award as *Gonzales*, where the plaintiff only received $3,000.00 in damages; instead, Plaintiff received an award of $54,500.00. However, this case does involve relatively minor willful infringements on the copyright protection of two photographs. The Court finds that the *Gonzales* court's reasoning that an award is appropriate under such circumstances is persuasive and provides additional support for the recommendation that reasonable attorneys' fees be awarded. Ultimately, the Court relies most heavily on the Sixth Circuit's guidance that such an award is routine, although not automatic, and constitutes the rule rather than the exception for its recommendation that an award is appropriate.

### *E. Costs and Expenses*

Plaintiff has additionally requested an award of $4,676.25 in costs and expenses pursuant to Section 505, Rule 54 of the Federal Rules of Civil Procedure, and Rule 54.1 of the Local Rules.

MCVB has agreed that Plaintiff should be awarded this amount in costs and expenses. Accordingly, the Court recommends that Plaintiff's request for costs and expenses in the amount of $4,676.25 be granted.

**IV. Conclusion**

For the reasons set forth herein, the Court RECOMMENDS that Plaintiff's Motion be GRANTED. The Court recommends that Plaintiff be awarded $167,022.50 in reasonable attorneys' fees and $4,676.25 in costs and expenses for a total award of $171,698.75.

**DATED** this 7th day of September, 2012.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**