```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

| | |
|---|---|
| **JEFFREY JACOBS,** )<br>   ) <br>   Plaintiff, )<br>   )<br>v.                                       )          No. 09-2599<br>   )<br>**MEMPHIS CONVENTION AND**  )<br>**VISITORS BUREAU,** )<br>   )<br>   Defendant. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Jeffrey Jacobs' ("Jacobs") Motion for Attorney Fees, Expenses, and Costs of November 15, 2011. (ECF No. 109.) The Memphis Convention and Visitors Bureau ("MCVB") responded on December 6, 2011. (ECF No. 112.) The Motion was referred to Magistrate Judge Charmiane G. Claxton on May 31, 2012. (ECF No. 117.) On September 7, 2012, Magistrate Judge Claxton filed her Report and Recommendation recommending that Jacobs be awarded $167,022.50 in reasonable attorneys' fees and $4,676.25 in costs and expenses. (ECF No. 121.) Neither party has filed an objection.

   **I.   Background**

   Jacobs, a professional photographer, brought suit against MCVB and others for copyright infringement on September 14, 2009. (Compl., ECF No. 1.) At trial, the jury found that MCVB had

infringed Jacobs' copyrights in and to four photographs, and that the infringements of two of those copyrights were willful. (Order on Jury Verdict, ECF No. 108.)[1]  The jury awarded Jacobs damages of $54,500.00 plus interest.  (Id.)  Jacobs moved for attorneys' fees, costs, and expenses under the Copyright Act, 17 U.S.C. § 505, on the ground that he was the prevailing party.

**II.  Law and Analysis**

A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1)(C).  After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  The district court need not "'review...a [magistrate judge's] factual or legal conclusions [] under a de novo or any other standard, when neither party objects to those findings.'"  Satkiewicz v. Michigan, No. 2:11-cv-14370, 2012 U.S. Dist. LEXIS 124403, at *3 (E.D. Mich. Aug. 31, 2012.) (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985) (emphasis in original)).  The Supreme Court has "expressly concluded that a district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed."  United Stated v. Maness, No. 10-

---

[1] All other defendants were dismissed voluntarily or by court order before the conclusion of trial.

20348, 2012 U.S. Dist. LEXIS 92238, at *2 (W.D. Tenn. July 3, 2012.) (citing Arn, 474 U.S. at 151). Otherwise, a district court would be forced "to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. . . . [which] would be an inefficient use of judicial resources." Id. (internal citations omitted); accord Javaherpour v. United States, 315 Fed. Appx. 505, 509 (6th Cir. 2009). The parties have not objected to the Magistrate Judge's Report. Thus, "the Magistrate Judge's determination become[s] that of the district court." Maness, 2012 U.S. Dist. LEXIS 92238, at *3 (internal citations omitted).

### III. Conclusion

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation, and GRANTS Jacobs' Motion in the amount of $167,022.50 in reasonable attorneys' fees and $4,676.25 in costs and expenses.

So ordered this 25th day of September, 2012.

s/ Samuel H. Mays, Jr.\_\_\_\_
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE